# Von Helmold, Appellant, v. Von Helmold.

*Husband and wife—Desertion—Nonsupport—Acts of February 22, 1718,*
*and May 4, 1855, P. L. 430.*

The Act of May 4, 1855, P. L. 430, which provides that " whenever any
husband from drunkenness, profligacy or other cause shall neglect or re-
fuse to provide for his wife, or shall desert her, she shall have all the
rights and privileges secured to a feme sole trader under the Act of Feb-
ruary 22, 1718, 1 Sm. L. 99," does not confer upon deserted wives all the
privileges set forth in the act of 1718, but only those which inhere in women
as feme sole traders, namely, those affecting their rights in their own
estate and earnings, and their right to trade.  The act does not sustain an
application for an attachment against the real estate of an absent husband
by a deserted wife.

Argued Dec. 9, 1901.  Appeal, No. 105, Oct. T., 1901, by
plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1901,
No. 166, making absolute rule to quash attachment in case of
Emma Elizabeth Von Helmold v. George H. Von Helmold,
sometimes called George H. Helmold.  Before RICE, P. J.,
BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.
Affirmed.

Rule to quash attachment.

The petition for the attachment averred that the petitioner
and George H. Von Helmold were married in 1894, and lived
together until December 3, 1898, when Von Helmold deserted
her.  The petition averred :

That the said George H. Von Helmold, sometimes called
George H. Helmold, for two years last past, being possessed of
his health and liberty, has neglected and refused to provide
for his wife, and has deserted and absented himself from the
said deponent, his lawful wife, without making any provision
whatever for her maintenance during his absence, rendering
her liable to become chargeable to the city of Philadelphia for
her support.

The petition prayed for an attachment against the husband's
real estate, and the attachment was accordingly issued.

The court quashed the attachment.

*Error assigned* was the order of the court.

*J. H. Shoemaker*, with him *Edward Wiener*, for appellant.—
By the act of 1855, any married woman, whose husband has
failed to support her, is entitled to all the rights conferred
upon certain married women by virtue of the act of 1718:
Reilly v. Reilly, 4 Brewster, 169; Miller v. Miller, 4 Pa. Dist.
Rep. 309; Longbotham v. Longbotham, 18 Pa. C. C. Rep.
460; Gilpin v. Gilpin, 19 Phila. 294.

*Alex. Simpson, Jr.*, with him *Martin H. Stutzbach*, for ap-
pellee.—Section 4 of the Act of February 22, 1718, 1 Sm. L.
99, and section 2 of the Act of May 4, 1855, P. L. 430, do not
cover a case like the present: Duquesne Savings Bank's App.,
96 Pa. 298.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

This was an application for an attachment against the real
estate of an absent husband by a deserted wife, based upon the
provisions of the acts of February 22, 1718 and May 4, 1855.
The facts set forth in the petition do not bring the petitioner
within the provisions of the act of 1718, standing alone.   But
it is said that the case comes within the act of 1855, which pro-
vides that, " whenever any husband from drunkenness, profli-
gacy or other cause, shall neglect or refuse to provide for his
wife, or shall desert her, she shall have all the rights and priv-
ileges secured to a feme sole trader under the act of 22d Feb-
ruary, 1718, entitled 'an act concerning feme sole traders,'
and be subject as therein provided, and her property real and
personal, howsoever acquired, shall be subject to her free and
absolute disposal during life and by her will without liability to
be interfered with or obtained by such husband, and in case of
her intestacy shall go to her next of kin as if he were pre-
viously dead."

We are of opinion that this act does not confer upon de-
serted wives (as described in its provisions) all the privileges
set forth in the act of 1718, but only those which inhere in
women as feme sole traders, namely, those affecting their
rights in their own estate and earnings and their right to trade.
The expressions used in the act, both in the portion quoted as
elsewhere, leave no room to doubt the soundness of this con-
struction which follows the decision of the Supreme Court in
Duquesne Savings Bank's Appeal, 96 Pa. 298.

The order is affirmed.